**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORDY BLANCO RAMIREZ,<br><br>                          Petitioner,<br><br>   v.<br><br>JEREMY CASEY, *et al.*,<br><br>                          Respondents. | Case No. 26-cv-02266-BAS-GC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Jordy Blanco Ramirez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States. (ECF No. 1.)  For the reasons stated below, the Court GRANTS the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It

- 1 -

applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Colombia, was arrested at the Port of Entry on September 3, 2023. (ECF No. 1, at ¶¶ 3, 46.) He was immediately released after Border Patrol determined he was not a flight risk or danger to the community. (*Id.* ¶ 3.) He was given work authorization and a Social Security number and has been legally employed at a restaurant. (*Id.* ¶ 47.) On January 29, 2026, the Department of Homeland Security ("DHS") re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community. (*Id.* ¶ 48.) Petitioner seeks immediate release or a bond hearing.

## III.    ANALYSIS

### A.    Applicability of Section 1225(b)(2) versus Section 1226(a)

Petitioner argues that, since he was paroled into the United States over two years ago, he is now subject to discretionary release pursuant to 8 U.S.C. § 1226(a), rather than mandatory detention under 8 U.S.C. § 1225(b)(2)(A). "Two statutory sections govern the detention of noncitizens prior to a final order of removal: 8 U.S.C. §§ 1225 and 1226." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1111 (E.D. Cal. 2025). Individuals seeking admission into the United States at the border, like the Petitioner in this case, are subject to mandatory detention under § 1225. These noncitizens may be released only if DHS determines it is appropriate to parole the noncitizen into the United States, as it did for Petitioner in this case. Detention under § 1225(b) is otherwise mandatory, and individuals are not entitled to a bond hearing.

Section 1226 addresses noncitizens, not detained at the border, who are arrested while they are already living in the United States. These individuals may be released on bond if they show ties to the community in which they have been living and demonstrate

they "do[] not present a danger to persons or property, [are] not a threat to the national security, and do[] not pose a risk of flight." 8 U.S.C. § 1226.

The Central District of California addressed this second category of noncitizens in *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d___, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), certifying a class of all noncitizens who (1) entered without inspection and (2) were not apprehended upon arrival. Although Petitioner in this case claims he is a member of this Bond Eligible Class (ECF No. 1, at ¶ 38), it does not appear that he entered without inspection, but he was instead apprehended upon his arrival at the Port of Entry on September 3, 2023. Hence, he is not a member of this class, nor is § 1226 applicable to him.

### B.    Due Process Violation

Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody

26cv2266

creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner, finding he was not a flight risk or a danger to the community in September 2023, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner with an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Jordy Blanco Ramirez (A#245-174-673) be released on the same terms and conditions as he was previously released in September 2023.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 22, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv2266